UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GKWAUN BREHON,

Plaintiff,

-against-

THE CITY OF NEW YORK; Police Officer
MICHAEL O'LEARY, Shield No. 9997; Police
Officer MICHAEL KALISH; Sergeant SHIGRI
SHAZAD; and JOHN and JANE DOE 1 through
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

Defendants.

---------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

14 CV 1892 (RRM) (MDG)

Jury Trial Demanded

Plaintiff, by his attorneys, Harvis Wright & Fett, LLP, alleges the following,

upon information and belief, as his Complaint:

<u>**NATURE OF THE ACTION**</u>

1.     This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

<u>**JURISDICTION AND VENUE**</u>

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United

States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Gkwaun Brehon ("plaintiff" or "Mr. Brehon") is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Michael O'Leary, Shield No. 9997 ("O'Leary"), was, at all times relevant, an employee of the New York City Police Department assigned to the 73rd Precinct.  Defendant O'Leary is sued in his individual and official capacities.

10.     Defendant Michael Kalish ("Kalish"), was, at all times relevant, an employee of the New York City Police Department assigned to the 73rd Precinct. Defendant Kalish is sued in his individual and official capacities.

11.     Defendant Shigri Shazad ("Shazad"), was, at all times relevant, an employee of the New York City Police Department assigned to the 73rd Precinct. Defendant Shazad is sued in his individual and official capacities.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

### NOTICE OF CLAIM

15.     On December 20, 2013, and within 90 days of the events giving rise to the his claims, plaintiff filed a Notice of Claim upon defendant City of New York by

delivering copies thereof to the person designated by law as a person to whom such claims may be served.

16.     The Notice of Claim was in writing, sworn to, and contained the name and post office address of the plaintiff.

17.     The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and damages and injuries claimed to have been sustained.

18.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

19.     This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

## STATEMENT OF FACTS

20.     At approximately 9:45 a.m. on September 25, 2013, Mr. Brehon was lawfully in the apartment building at 1677 Saint Johns Place in Brooklyn, New York. He was there to visit a friend who lived on the third floor.

21.     Mr. Brehon rang the buzzer at the entrance and was "buzzed" in by the residents of the apartment he was visiting.

22.      Mr. Brehon walked up the steps inside the building to the third floor to visit with his friend.

23.     Plaintiff bumped into two young women from the neighborhood who were visiting their friend on the fourth floor, and he walked up with them.

24.     It was at around this time that two of the individual defendants approached plaintiff and the two women and asked if plaintiff lived in the building. Mr. Brehon truthfully responded that he did not, but had been there to visit with a friend who lived in the building.

25.     Mr. Brehon provided his identification.

26.     The individual defendants did nothing to confirm plaintiff's easily-verifiable and truthful statement that he was a lawful visitor.

27.     An individual defendant then pushed Mr. Brehon against a wall and tightly handcuffed him.

28.     A defendant unlawfully searched Mr. Brehon and found no contraband or other evidence of a crime.

29.     At no point did the officers observe plaintiff commit any crime.

30.     The individual defendants nonetheless took plaintiff in handcuffs to the 73rd Precinct, where Mr. Brehon remained until approximately 11:00 p.m., when he was taken to Brooklyn Central Booking.

31.     At the Stationhouse, the individual defendants prepared or allowed to be prepared false police reports accusing Mr. Brehon of Criminal Trespass in the Third and Fourth Degrees and Resisting Arrest.

32.     Defendant O'Leary thereafter made, and the other individual defendant allowed O'Leary to make, false statements to the Kings County District Attorney's Office.

33.     The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2013KN073664 on the false charges.

34.     Mr. Brehon was eventually arraigned in Kings County Criminal Court, and the criminal charges were adjourned in contemplation of dismissal.

35.     After more than twenty-four hours in custody, Mr. Brehon was released.

36.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrest, jailing, and prosecution of Mr. Brehon.

37.     The individual defendants' acts and omissions caused Mr. Brehon to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

38.     The individual defendants, at all times relevant, in arresting and imprisoning the plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judge, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
**Unlawful Stop and Search**

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41.    As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

## SECOND CLAIM
**False Arrest**

42.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
**State Law False Imprisonment and False Arrest**

45.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

47.     Plaintiff was conscious of his confinement.

48.     Plaintiff did not consent to his confinement.

49.     Plaintiff's confinement was not otherwise privileged.

50.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FOURTH CLAIM
### State Law Assault and Battery

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

54.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.     The individual defendants created false evidence against plaintiff.

58.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

59.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

60.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention

61.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.     The acts complained of herein resulted from Defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police employees, including instructing, supervising, monitoring and controlling the individual Defendants herein.

63.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

64.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

67.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     An individual defendant who was present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

71.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

-11-

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:          August 21, 2014
                New York, New York

HARVIS WRIGHT & FETT LLP

_____

Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*